UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMAINE A. HAMPTON,

        Plaintiff,

        v.                                Case No. 20-C-936

JOSEPH FALKE, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint. Plaintiff has also filed a motion for leave to amend his initial complaint, Dkt. No. 8, which the court will grant and proceed to screen.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $6.79. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

On March 26, 2020, Plaintiff states he began to receive threats from another inmate, Julius Garrison, who called Plaintiff a "snitch" because he told on someone who was moved out of prison. Garrison claimed that once this was confirmed he would attack Plaintiff's face. Plaintiff says this was the second time Garrison had threatened Plaintiff. Captain Bauer told Plaintiff that he would look into Plaintiff's claim. Plaintiff also told Captain Bauer that he had been attacked in his sleep on February 2, 2020.

On several occasions, Plaintiff wrote to Warden Brian Foster, Security Director Joseph Falke, Sergeant Meyers, and Captain Bauer that he feared for his safety and wanted to be moved and kept apart from Garrison. During the night on March 27, 2020, Plaintiff says Garrison threatened him from his cell, yelling that he knew Plaintiff told on Garrison's guy and that Garrison would beat up Plaintiff. Plaintiff felt this was a credible threat because Garrison is a well-known gang member. Plaintiff wrote to Captain Bauer and said he wanted to be moved to avoid being harmed.

Again, on March 29, 2020, Plaintiff wrote to Warden Foster, Security Director Falke, Sergeant Meyers, and Captain Bauer. Plaintiff informed them of the threat from Garrison and noted that it was witnessed by another officer, CO Lyons, who joked and acted as if the verbal assault was "cool."

On or about March 29, 2020, Plaintiff states that he told CO Lyons that Garrison said he was going to try to kill Plaintiff in the showers on Monday because he told on Garrison's man Glen Jeffery and his brother Keiman D. Joiner about a fight Hampton had with Joiner at Sheboygan County Detention Center. Plaintiff says CO Lyons laughed and said "snitches get stitches." Pl.'s

3

Complaint, ¶ 33. Plaintiff alleges he also informed Sergeant Meyers of the threat against Plaintiff. Sergeant Meyers told Plaintiff he was aware of the threat, but could not do anything until Garrison assaulted Plaintiff and told Plaintiff to stop being disruptive or risk a conduct report.

During showers on that Monday, March 30, 2020, Plaintiff says he yelled to get attention after Garrison made threats about Plaintiff. Plaintiff says Lieutenant Mitchell responded that snitching is strictly prohibited and walked off. The entire high side of the south cell hall cheered at Lieutenant Mitchell's response as if to applaud the upcoming fight between Plaintiff and Garrison, according to Plaintiff. Plaintiff says at approximately 5:40 p.m. Garrison assaulted Plaintiff. The assault lasted several seconds until it was broken up by the bath-house officers. After this incident, both Plaintiff and Garrison were placed in restricted housing. Plaintiff was released from segregation on July 10, 2020, and was placed in a cell next to Garrison. Subsequently, Plaintiff has asked CO Lyons and Captain Bauers to move Plaintiff, but says both have declined to intervene. CO Lyons told Plaintiff that most people pay to prevent them from being beaten up. Plaintiff seeks compensatory and punitive damages.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on jail officials to ensure that inmates receive adequate food, clothing, shelter, and medical care and to take reasonable measures to guarantee an inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see* U.S. Const. amend. VIII. Jail officials

4

have a duty to protect inmates from violence caused by other inmates when they are aware that the inmate faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847; *see also Pierson v. Hartley*, 391 F.3d 898, 903–04 (7th Cir. 2004). Plaintiff alleges he advised Captain Bauers, Sergeant Meyers, CO Lyons, and Lieutenant Mitchell that inmate Garrison had made verbal threats. Each responded to Plaintiff, acknowledging that they were aware of the threats Plaintiff perceived. Captain Bauers and CO Lyons were made aware that Garrison threatened Plaintiff's life and Lieutenant Mitchell appears to have directly overheard Garrison's threats to Plaintiff. Plaintiff also claims to have directly alerted Sergeant Meyers of the threats he faced from Garrison. None of these individuals took any action, according to Plaintiff. At the screening stage, this is sufficient for Plaintiff to state Eighth Amendment claims against Captain Bauers, Sergeant Meyers, CO Lyons, and Lieutenant Mitchell.

Plaintiff fails to state claims against the remaining defendants, however. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). The doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 97 F.2d 871, 877 (7th Cir. 1992). To be liable, "'supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'" *Backes v. Vill. of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff states he sent letters to Warden Foster and Security Director Falke, but has not provided any facts that personally implicate them or show that they directed or condoned the threats or attack on Plaintiff. Thus, as the doctrine of respondent

5

superior does not apply, Plaintiff fails to state claims against Warden Foster and Security Director Falke.

In sum, the court finds that Plaintiff may proceed on his Eighth Amendment claims against Captain Bauer, CO Lyons, Sergeant Meyers, and Lieutenant Mitchell. All other claims will be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (Dkt. No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Warden Brian Foster and Security Director Joseph Falke are dismissed as defendants.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $343.21 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The

payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

7

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 4th day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge