UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMAINE A. HAMPTON,

        Plaintiff,

        v.                                       Case No. 20-C-936

WAYNE BAUER, et al.,

        Defendants.

## ORDER DENYING MOTION TO RECRUIT COUNSEL

Plaintiff Jermaine Hampton, who is currently an inmate at Waupun Correctional Institution and representing himself, filed this civil rights action against Defendants pursuant to 42 U.S.C. § 1983, alleging that Defendants failed to take reasonable measures to protect his safety. As a result, Plaintiff alleges that he sustained a brief (several minutes) assault by another inmate. The complaint is silent as to what, if any, injuries Plaintiff sustained. This case is now before the court on Plaintiff's motion to recruit counsel. Dkt. No. 28. Plaintiff states that he has made several attempts to hire an attorney but has received no response. He explains he needs an attorney because he has limited legal knowledge, no access to the law library, and he is disabled. For the following reasons, Plaintiff's motion will be denied.

Civil litigants do not have a constitutional or statutory right to have an attorney represent them. *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("We begin with the fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). District courts have the discretion to recruit counsel for individuals unable to afford counsel in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1).

*Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). But these are not the only factors that the court may consider in deciding whether to undertake the effort to recruit counsel.

As the Seventh Circuit recently noted, the district court's "decision to try to recruit counsel can and should be informed by the realities of recruiting counsel in the district." *McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020). Noting the difficulties district courts face in recruiting pro bono counsel to devote the time, effort, and likely expense required to represent a prisoner from discovery through jury trial, the court explained:

> District courts are thus inevitably in the business of rationing a limited supply of free lawyer time. Nothing in *Pruitt* or our other cases on recruiting counsel prohibits a judge from using available information and the judge's experience to assess the importance and potential merits of the case and to assign priority accordingly. A judge might reasonably decide to give priority to a prisoner who makes a plausible claim that necessary surgery is being delayed unreasonably over another prisoner's claim that a much less serious condition was ignored.

*Id.*; *see also William v. Reyes*, 800 F. App'x 440, 443–44 (7th Cir. 2020) ("[I]n light of the scarcity of volunteer lawyers, the district court was entitled to view the needs of pro se litigants in the district as a whole and to exercise its discretion to determine which cases warranted the outlay of judicial resources in attempting to recruit counsel." (citation omitted)). In other words, the court

must decide on a case-by-case basis whether a particular plaintiff should benefit from the limited resources of lawyers willing to represent a pro se litigant at the court's request.

Plaintiff claims that he has made reasonable efforts to secure private counsel on his own, but he has provided no evidence, such as a list of names of attorneys or firms to whom he has written or copies of his request letters, that he has done so. The court thus infers that any efforts to contact counsel have likely been limited and very recent at best. In addition, although Plaintiff asserts that his disability and limited legal skills and access will make it difficult to fully defend his rights, the record as a whole does not suggest that Plaintiff lacks the competency to represent himself. This is the sixth case he has brought in this district in the last two years. Plaintiff's filings are clear, and he has coherently presented his claims and arguments in this case. In short, nothing in the record suggests that Plaintiff does not have the same competence to represent himself as the vast number of other pro se litigants who cannot afford to hire an attorney and are unable to convince one to take his case on a contingent fee basis. In addition, Plaintiff's claims are straightforward, his allegations are based upon his personal knowledge, and his claim relies upon well-established principles of law. The record demonstrates that Plaintiff is capable of explaining his version of events and making legal argument, and Plaintiff has offered no reason to believe that he is not capable of doing so.

The court notes that Plaintiff states he is due to be transferred in the near future due to surgery. If the transfer or surgery temporarily delay his ability to respond or otherwise participate in the litigation, he is free to request extensions as needed. However, in light of Plaintiff's abilities and the nature of his claims, the court concludes that this case does not warrant court-recruited counsel at this time. Therefore, Plaintiff's motion for recruitment of counsel (Dkt. No. 28) is

**DENIED**. The denial is without prejudice, however, and Plaintiff may ask the court at a later stage in the litigation to consider appointing counsel.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of October, 2020.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge