UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMAINE A. HAMPTON,

        Plaintiff,

    v.                                    Case No. 20-C-936

WAYNE BAUER, et al.,

        Defendants.

---

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

---

Plaintiff Jermaine Hampton, who is currently incarcerated at the Waupun Correctional Institution (WCI) and proceeding *pro se*, filed suit under 42 U.S.C. § 1983 against several correctional officers who work at WCI, alleging that they failed to protect him from another inmate in violation of the Eighth Amendment. Hampton has now filed a motion for an injunction and temporary restraining order, in which he requests that the court (1) issue a "protective order" keeping him separate from inmate Julius Garrison, the inmate who allegedly assaulted him, and (2) transferring him from WCI to another facility to protect his safety. Dkt. No. 26. For the reasons outlined below, Hampton's motion will be denied.

Hampton seeks transfer from WCI, a maximum-security facility, to Oshkosh Correctional Institution, Racine Correctional Institution, or Kettle Moraine Correctional Institution, all of which are medium-security facilities. Westra Decl. ¶ 4. Hampton claims he has been receiving threats to his safety from inmate Julius Garrison and Garrison's associates, and that he will suffer irreparable injury if he is not transferred to serve out the remainder of his sentence. Dkt. No. 26 at 3.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). If a plaintiff makes such a showing, the court then balances the harm to the plaintiff from a denial with the harm to the defendant from a grant of an injunction. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). "Mandatory preliminary injunctions—'those requiring an affirmative act by the defendant'—are 'ordinarily cautiously viewed and sparingly issued.'" *Id.* (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997)). Additionally, the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626, "has restricted courts' authority to issue and enforce prospective relief concerning prison conditions, requiring that such relief be supported by findings and precisely tailored to what is needed to remedy the violation of a federal right." *Miller v. French*, 530 U.S. 327, 347 (2000). The combination of all of these strictures create a high burden for a prisoner contesting his conditions of confinement. Hampton fails to meet this burden for several reasons.

First, Hampton's motion seeks a remedy that is beyond that authority of the defendants named in his action. None of the defendants have the authority to transfer him to another facility and to the extent it is within their power, they are already duty-bound to prevent other inmates from harming him. *See Blackshear v. Amin*, No. 18-CV-853, 2019 WL 1320318, at *1 (E.D. Wis. Mar. 22, 2019) (unpublished) (reasoning that the plaintiff was not entitled to injunctive relief because none of the defendants had the power to transfer the plaintiff to the Wisconsin Resource Center for mental health treatment); *see also Widmer v. Unknown Party*, No. 13-cv-0787-MJR-SCW, 2014 WL 803877, at *3 (S.D. Ill. Feb. 28, 2014) (unpublished) ("Plaintiff is not entitled to equitable relief against non-defendants.").

2

Even if the defendants did have transfer authority, Hampton's motion would still fail because he has failed to show he is at serious risk and that no other remedy is available. "The mere possibility of irreparable injury is not enough." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter*, 555 U.S. at 22). Irreparable harm is "harm that 'cannot be repaired' and for which money compensation is inadequate." *Id*. at 502. "This requires 'more than a mere possibility of harm. Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relieve as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Id*. (quoting *Winter*, 555 U.S. at 22) (internal citations omitted). Even a substantial risk that harm could arise is insufficient for a showing of irreparable harm; the harm must be likely. *Id*.

Here, Hampton states that inmate Garrison, who allegedly committed the assault at the center of Hampton's lawsuit, and Garrison's associates have been threatening him. The original attack occurred in March 2020, and Hampton has described no violent incidents since then. To be sure, receiving threats from a gang member may indicate that harm is possible, but given that Hampton has not been attacked since the March incident, such threats do not by themselves show that harm is likely. Hampton is even farther from reaching a showing that he is at risk from irreparable harm. The original attack lasted mere seconds, Am. Compl. ¶ 52, and Hampton has not alleged that he suffered any serious and lasting harm as a result. *See Orr*, 953 F.3d at 502. Consequently, there is nothing to justify Hampton's purported fear for his life. *See* Dkt. No. 46 at 7.

Setting aside the fact that Hampton has not shown a need for prospective relief, the requested remedy is also not precisely tailored to remedy the alleged violation. Hampton is

3

requesting a transfer from a maximum-security to a medium-security prison based on unsubstantiated threats. Prison officials should be given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). These practices include the locations and conditions under which prisoners are housed. An injunction requiring the transfer of a prisoner from a maximum-security institution to a medium-security institution would be an extraordinary imposition of judicial judgment into Department of Corrections' management decisions at multiple levels.

Even if Hampton had demonstrated the need for some sort of injunctive relief, the more appropriate remedy would be special placement or protective confinement at WCI, Westra Decl. ¶ 12, which are both available without court intervention if the situation warrants. Wis. Div. Adult Inst. Policy Nos. 306.00.51, 306.05.01. However, despite his stated concerns for his safety, Hampton has neither formally complained about any threats nor requested special placement within the past three months. Westra Decl. ¶ 11. And although Hampton notes in his reply brief that he has asked Lieutenant Burns and Captain Bauer about a special placement, Dkt. No. 46, Hampton's failure to follow formal procedures to request protection and instead rely on communications to at least one of the defendants in this action implies that such a placement is not a high priority for him. As such, a transfer to another, less secure facility is even less justified.

Hampton's failure to show that he is currently at risk, coupled with his failure to file either complaints about threats to his safety or requests for protective confinement or special placement, supports an inference that, although he may have been threatened, he is not at likely risk of irreparable harm. Therefore, the situation does not warrant granting the extraordinary remedy of a mandatory preliminary injunction.

4

Based on the foregoing, Hampton's motion for an injunction and temporary restraining order (Dkt. No. 26) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 20th day of November, 2020.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge