UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMAINE A. HAMPTON,

        Plaintiff,

       v.                                         Case No. 20-C-936

WAYNE BAUER, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Jermaine Hampton, who is currently serving a state sentence at Waupun Correctional Institution (WCI) and representing himself, filed suit against several Waupun correctional staff members under 42 U.S.C. § 1983, claiming that they violated his constitutional rights by failing to protect him from assault by another inmate. Hampton claims that on March 30, 2020, he was attacked by inmate Julius Garrison. The attack allegedly followed several days of threats by Garrison and requests by Hampton that he be moved to a different unit. Hampton alleges that correctional officers and prison officials ignored his requests and that as a result, Garrison attacked him in the bath house while he was taking a shower. The attack lasted only several seconds and was quickly broken up by correctional officers. In its screening order, the Court determined that Hampton stated claims against Captain Wayne Bauer, Sergeant Robert Meyers, Correctional Officer Jonathan Lyons, and Lieutenant Thomas Mitchell. The case is now before the Court on the defendants' motion for summary judgment. The defendants contend that Hampton's case must be dismissed because he failed to exhaust his administrative remedies. Dkt. No. 47. For the reasons discussed herein, Defendants' motion will be granted.

## LEGAL STANDARD

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at a trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motions and identifying those portions of 'the pleadings, depositions, . . . and admissions on file, . . .' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323 (quoting Fed. R. Civ P. 56(c)). And although the Court must draw inferences in favor of the non-moving party, the Court is "'not required to draw every conceivable inference from the record.'" *Gleason v. Mesirow Fin.*, 118 F.3d 1134, 1139 (7th Cir. 1997) (quoting *Tyler v. Runyon*, 70 F.3d 458, 467 (7th Cir. 1995)). It is only required to draw reasonable inferences. *Id*. If there is no genuine dispute as to any material facts, then the moving party is entitled to judgment as a matter of law. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (internal quotations omitted).

## ANALYSIS

The Prison Litigation Reform Act (PLRA) provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(1); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citation omitted). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

wrong." *Porter v. Nussle*, 534 U.S. 526, 532 (2002). The purpose of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated, and decided." Wis. Admin. Code § DOC 310.01(1). Under the ICRS, an inmate must file a complaint with the Inmate Complaint Examiner (ICE) within 14 days after the events giving rise to the complaint occur, unless good cause exists to excuse a delay. § DOC 310.07(2). The ICE has the authority to return, investigate, or reject the complaint. § DOC 310.10. The ICE may reject a complaint when "[t]he inmate submitted the complaint beyond 14 days after the date of the occurrence giving rise to the complaint and provides no good cause for the ICE to extend the time limits." § DOC 310.10(6)(e). If the ICE rejects the complaint, an inmate may appeal a rejected complaint within 10 days to the appropriate reviewing authority (RA) who shall only review the basis for the rejection of the complaint. The RA's decision is final. § DOC 310.10(10). The corrections complaint examiner (CCE) must return any inmate appeal of the RA's rejection of a complaint to the inmate. § DOC 310.12(4)(b).

Here, the undisputed evidence establishes that Hampton failed to exhaust his administrative remedies. Although Hampton filed an Interview/Information Request form concerning his request to be moved on March 29, 2020, before the attack occurred, he did not file his complaint concerning the incident alleged until August 17, 2020, more than four months after it occurred. Dkt. No. 50-1 at 6–8. Because Hamilton offered no explanation as to why his complaint was untimely, the ICE properly rejected it. §§ DOC 310.07(2); 310.10(6)(e); *Conyers v. Abitz*, 416

F.3d 580, 584 (7th Cir. 2005) ("Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits."). Hampton also failed to appeal the rejection to the reviewing authority. § DOC 310.10(10); *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." (citation omitted)). Because Hampton did not properly pursue each step in the administrative process, he did not exhaust his administrative remedies, and his claim against the defendants must be dismissed. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 47) is **GRANTED**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 9th day of February, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
